**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ATLANTA PHOTOGRAPHY, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 1:13-cv-02330-AT |
| IAN MARSHALL REALTY, INC., | : | |
| IAN MARSHALL, and ALBERT JONES, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

**DEFENDANT IAN MARSHALL'S MEMORANDUM OF LAW IN**
**SUPPORT OF HIS MOTION TO DISMISS**
**COUNTS 1 AND 2 OF PLAINTIFF'S COMPLAINT**

## I.     INTRODUCTION.

In its Complaint, Plaintiff fails to allege anything more than threadbare legal conclusions in its attempt to hold a shareholder liable for the alleged acts of a corporation's independent contractor. The Complaint is entirely devoid of any factual allegations suggesting that Defendant IMR's corporate veil should be pierced, and that Defendant IMR's liability be imputed to Defendant Marshall. Tellingly, in the 17 pages of the Complaint's factual background, Plaintiff makes a single, passing reference to Ian Marshall. As no factual or legal basis is presented against Defendant Marshall, the First and Second Causes of Action must be dismissed as to Defendant Marshall.

## II.    STATEMENT OF FACTS.

Although Defendant Marshall does not admit the allegations of the Complaint or agree with Plaintiff's characterization of the facts, the following allegations are gleaned from Plaintiff's Complaint and may be taken as true for purposes of this Motion under the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

### A.    Parties.

Jennifer Sherrouse is licensed as a real estate agent in the State of Georgia. (Doc. 1 at ¶ 8).  Jennifer Sherrouse takes photographs of various condominiums, waits for other real estate agents to use the photographs, and then directly or indirectly sues such real estate agents for a profit. See generally, Doc. 1. Ian Marshall Realty, Inc. ("Defendant IMR") is a corporation incorporated and "existing under the laws of the State of Georgia." (Id. at ¶ 2). Albert Jones ("Defendant Jones") is a licensed real estate agent who was engaged by Defendant IMR as an independent contractor. Id. at ¶ 4. Defendant Marshall, however, was merely the owner and sole shareholder of Defendant IMR. Id. ¶ at 3.

### B.    Photographs.

Jennifer Sherrouse took various photographs of real estate and published them on her website. Id. at ¶¶ 8 – 10. Jennifer Sherrouse later discovered that her

photographs had been published by Defendant Jones on "[his] website at http://buyandsellatl.com." Id. at ¶ 13 (pg. 5 – 8). In particular, each of the webpages attached as pages 6, 7 and 8 to Plaintiff's Complaint indicates that "Buy & Sell ATL was developed by Albert Jones, in affiliation with Ian Marshall Realty." Id. No mention is made of or to Defendant Marshall in his personal capacity. Id. The webpages further show that these photographs were uploaded to a Word Press blog. Id. at ¶ 18. Jennifer Sherrouse then sold the copyrighted photographs to Plaintiff, who in turned sued Defendant Jones, Defendant IMR and Defendant Marshall. Id. at ¶ 23.

## III.   LEGAL STANDARD.

### A.   Motion to Dismiss.

Rule 12(b)(6) provides that a court shall dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010). Dismissal of a complaint is appropriate where it is clear that a plaintiff cannot state facts that "raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at

546; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 & n.43 (11th Cir. 2008) (Twombly requires of all claims that the '[f]actual allegations must be enough to raise a right to relief above the speculative level'"). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Sullivan, 600 F.3d at 546. Thus, although factual allegations of the complaint are taken as true, the court should not accept as true conclusions of law. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Plaintiff's allegations, even when viewed in the most favorable light, show that with respect to two of its four purported claims, Plaintiff is not entitled to relief from Defendant Marshall under any set of facts. Taken together, Plaintiff's claims are nothing more than "shotgun pleadings" containing several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. Ferrell v. Durbin, 311 Fed. Appx. 253, 259 (11th Cir. 2009). "Shotgun pleadings . . . impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice." Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001).

**B.      Shareholder Liability.**

It is well settled under Georgia law that "corporate liability is not the same as shareholder liability." <u>McKesson Corp. v. Green</u>, 266 Ga. App. 157, 597 S.E.2d 447 (2004). The corporate form "protects shareholders by limiting their liability" from the corporation's debts. <u>Id.</u> "Indeed, courts are reluctant to disregard the separate existence" and the "corporate entity may be disregarded only in exceptional circumstances." <u>Id.</u> Furthermore, a corporation is a separate and distinct entity from its shareholders, even in cases where all the shares are held by a single individual. <u>Id.</u> To "justify the disregard of the corporate entity, there must be evidence that the corporate form has been abused." <u>Id.</u> at 166 (<u>Garrett v. Women's Health Care of Gwinnett</u>, 243 Ga. App. 53, 55-56, 532 S.E.2d 164 (2000).

## IV.   LEGAL ARGUMENT

**A.      First Cause of Action – Copyright Infringement.**

Under its Copyright Infringement count, Plaintiff conveniently lumps together all Defendants, collectively accusing them of "labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Sullivan</u>, 600 F.3d at 546. Under <u>Twombley</u> and its progeny, Plaintiff's conclusory pleadings "will not do." <u>Sullivan</u>, 600 F.3d at 546; <u>Twombley</u>, 550 U.S. at 555.

Most importantly, the First Cause of Action fails to make any direct allegations against Defendant Marshall whatsoever. (Doc. 1 at ¶ 24 – 31). By failing to allege which Defendant allegedly infringed upon Plaintiff's claimed copyrights, and by failing to provide *any* factual support for the allegation, Plaintiff has failed to satisfy even the most basic pleading requirements set forth in Twombly. 550 U.S. at 555.

Furthermore, Plaintiff has not presented one iota of evidence as to why the Court should pierce the veil of Defendant IMR and hold Defendant Marshall personally liable for the alleged infringement. There is no evidence (or even an allegation) that Defendant Marshall "disregard[ed] for the corporate form," attempted "to make the corporation a mere sham or a business conduit" for Defendant Marshall personally, or that he manipulated the corporation "in order to commit fraud or evade statutory, contractual, or tort liability." McKesson Corp., 266 Ga. App. at 166.

The case Johnson Realty v. Hand illustrates Plaintiff's inability to hold Defendant Marshall personally liable for Defendant IMR's liabilities, if any. 189 Ga. App. 706, 709-710 (1988). In Johnson, the plaintiff successfully sued a real estate brokerage for the acts of one of its agents. Id. The court refused, however, to impose personal liability on the qualifying broker/owner, despite the fact that he was the sole shareholder of the real estate brokerage. Id. In so holding, the court

stated that the broker/owner "could not be held vicariously liable for the acts of [the agent] unless the evidence authorized a finding that the corporate veil of [the brokerage] should be pierced. Id. at 715 (citing Jenkins v. Judith Sans Intl., 175 Ga. App. 171 (1985)). The plaintiff "produced no evidence which would even authorize, much less demand, a finding that [the broker/owner's] operation of [the brokerage] was such that the corporate veil should be deemed pierced." Id. at 716.

Because Plaintiff has not and cannot introduce facts within the framework of the Complaint to pierce Defendant IMR's veil and impute personal liability to Defendant Marshall, Plaintiff's First Cause of Action must be dismissed as to Defendant Marshall. Twombley, 550 U.S. at 555; Mooney v. Mooney, 235 Ga. App. 117 (1998).

### B.      Second Cause of Action – Digital Millennium Copyright Act Violation.

Like the First, Plaintiff's Second Cause of Action fails to specify which of the Defendants allegedly violated the DMCA. (Doc. 1 at ¶ 32 − 37). There is no allegation as to the acts that constituted the purported violation, the time frame when such acts were purportedly undertaken, or the damages allegedly suffered by Plaintiff as a result of such acts. Id. To the contrary, apart from the threadbare legal conclusion that "[a]s a direct and proximate result of the Defendants' wrongful conduct, [Plaintiff] has suffered damages," Plaintiff does not make any specific

allegation indicating how Plaintiff has been injured. Id. at 35. Here again, Plaintiff fails to meet the minimal pleading standards demanded by Twombley. 550 U.S. 544.

Furthermore, the Second Count fails to mention, much less state a cause of action against, Defendant Marshall personally, or why Defendant IMR's corporate veil should be pierced. (Doc. 1 at ¶ 32 – 37). As held in Johnson Realty, the owner/broker of a real estate brokerage cannot be held personally liable for the acts of an agent in the absence of facts authorizing the court the disregard the corporate form. Ga. App. at 715; McKesson Corp. v. Green, 266 Ga. App. 157.

Since Plaintiff has not introduced facts "to raise a right to relief above the speculative level" to pierce Defendant IMR's veil and impute personal liability to Defendant Marshall, Plaintiff's Second Cause of Action must be dismissed as to Defendant Marshall. Twombley, 550 U.S. at 555; Mooney v. Mooney, 235 Ga. App. 117 (1998).

## V.    CONCLUSION

The First and Second Causes of Action in Plaintiff's Complaint fail to state a claim against Defendant Marshall upon which relief may be granted. This Complaint is filed against three separate and distinct defendants. However, not only do the First and Second Causes of Action fail allege which Defendants have purportedly committed such wrongs, but also impliedly attempt to implicate

Defendant Marshall, personally, for the alleged wrongs of Defendant Jones and Ian Marshall Realty, Inc. ("Defendant IMR"). Because Defendant Marshall cannot be held liable for the acts of Defendant Jones or Defendant IMR, Plaintiff's First and Second Causes must be dismissed against Defendant Marshall.

Respectfully submitted this 28th day of August, 2013.

**/Thomas M. Shepherd**

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Road
Suite 2450
Atlanta, Georgia 30309
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2013, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Carolyn E. Wright, Esq.
> carolyn@photoattorney.com

Respectfully submitted this 28th day of August, 2013.

**/Thomas M. Shepherd**

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net

<u>**CERTIFICATE OF COMPLIANCE**</u>
<u>**WITH LOCAL RULE 5.1.B**</u>

Counsel for Defendant Marshall hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

Respectfully submitted this 28th day of August, 2013.


<u>**/Thomas M. Shepherd**</u>

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net