UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTA PHOTOGRAPHY, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 1:13-cv-02330-AT |
| IAN MARSHALL REALTY, INC., | : | |
| IAN MARSHALL, and ALBERT JONES, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant IAN MARSHALL REALTY, INC. ("Defendant IMR") through its attorneys of record and makes and files this, its Answer and Defenses to Plaintiff ATLANTA PHOTOGRAPHY, LLC's ("Plaintiff") Complaint as follows:

**ANSWER**

1. Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the allegation contained in Paragraph 1 of the Complaint.

2. Defendant IMR admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

1

3. Defendant IMR admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant IMR admits that Defendant Albert Jones ("Defendant Jones") is a real estate agent and resident of Atlanta, Georgia, but denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant IMR denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant IMR denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant IMR denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant IMR denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant IMR denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant IMR denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant IMR denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant IMR denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant IMR is without information sufficient to admit or to deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant IMR denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

24. Defendant IMR denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant IMR denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant IMR denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant IMR denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant IMR denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant IMR denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The allegations contained in Paragraph 31 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

32. Defendant IMR denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant IMR denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

38.     Defendant IMR denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the

extent a response is required, Defendant IMR denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. The allegations contained in Paragraph 40 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

42. Defendant IMR denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant IMR denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant IMR denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

To the extent necessary, Defendant IMR further denies all allegations contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant IMR upon which relief may be granted.

### SECOND DEFENSE

Defendant IMR plead the defense of estoppel.

### THIRD DEFENSE

Plaintiff is not entitled to recover any alleged damages from Defendant IMR because they are excessive, unreasonable, and do not reflect the amount that would have been owed to Plaintiff under Plaintiff's alleged claim.

### FOURTH DEFENSE

Defendant IMR is not liable to Plaintiff because Plaintiff has unduly and unreasonably delayed in bringing its claim, and Defendant IMR has been prejudiced by Plaintiff's unreasonable delay. Defendant IMR therefore pleads the defense of laches.

### FIFTH DEFENSE

Defendant IMR is not liable to Plaintiff because Plaintiff has waived and relinquished the rights alleged in the Complaint, with full knowledge of and with the intention to waive and relinquish such rights. Defendant IMR therefore pleads the defense of waiver.

### SIXTH DEFENSE

Plaintiff is not entitled to relief because Plaintiff failed to mitigate its damages, if any.

### SEVENTH DEFENSE

Plaintiff's Complaint against Defendant IMR should be dismissed because Plaintiff breached the covenant of good faith and fair dealing.

### EIGHTH DEFENSE

Defendant IMR assert all affirmative defenses under O.C.G.A. § 9-11-8 as may be proven by the evidence.

## NINTH DEFENSE

No act or omission of these Defendant IMR either proximately caused or contributed to whatever damage the Plaintiff may have sustained and on account thereof, Plaintiff is not entitled to recover any sum of these Defendant IMR.

## TENTH DEFENSE

Plaintiff is precluded from recovery in this case by its own actions or inactions.

## ELEVENTH DEFENSE

Defendant IMR reserves the right to amend its Answer and Affirmative Defenses due to the fraud or concealment of Plaintiff and others acting in concert with the same.

## TWELVTH DEFENSE

Plaintiff's claims are barred by its unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages were caused, in whole or in part, by its own actions or omissions, or by the actions or omissions of parties beyond Defendant IMR' control.

## FOURTEENTH DEFENSE

Plaintiff is not the real party-in-interest, therefore the instant action must be dismissed.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's damages are speculative or non-existent.

## SIXTEENTH DEFENSE

Imposition of attorney's fees against Defendant IMR would violate Defendant IMR' due process rights, its guarantee of equal protection, the prohibition against excessive fines, and other applicable provisions of the Constitutions of the United State of America and the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's fraud, both actual and constructive.

## EIGHTEENTH DEFENSE

Defendant IMR gives notice that they intend to rely upon and invoke any other defense that may become available or appear during the proceedings in this case and reserve its rights to amend this Answer to include any such defense.

Respectfully submitted this 29th day of August, 2013.

/Thomas M. Shepherd

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

                                Shepherd Law, LLC
                                1180 West Peachtree Road
                                Suite 2450
                                Atlanta, Georgia 30309
                                Telephone: (404) 492-8871
                                Facsimile: (404) 287-2739
                                Email: tshepherd@shepherdlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2013, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Carolyn E. Wright, Esq.
>carolyn@photoattorney.com

Respectfully submitted this 29th day of August, 2013.

/Thomas M. Shepherd

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 5.1.B

Counsel for Defendant IMR hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

Respectfully submitted this 29th day of August, 2013.

/Thomas M. Shepherd

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net