## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ATLANTA PHOTOGRAPHY, LLC

                    Plaintiff,

    v.

IAN MARSHALL REALTY, INC.,
IAN A. MARSHALL, and
ALBERT W. JONES

              Defendants.

CIVIL ACTION NO.
1:13-cv-02330-AT

_____

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT IAN MARSHALL'S
### MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT

_____

## I.    INTRODUCTION

Plaintiff Atlanta Photography LLC ("Atlanta Photography") submits this memorandum of law in opposition to Defendant Ian Marshall's ("Marshall") Motion to Dismiss the First and Second Causes of Action of Plaintiff's Complaint ("Motion").  For the reasons set forth below, Marshall's Motion should be denied.

In his Motion, Marshall claims only the Complaint's failure to plead facts sufficient to show that (1) Marshall directly infringed upon Atlanta Photography's

copyrights; and (2) Marshall violated section 1202 of the Digital Millennium Copyright Act ("DMCA") by removing Atlanta Photography's copyright management information from the three photographs at issue (collectively, the "Photographs"). While Marshall would prefer to avoid liability by hiding behind his corporation, the law will not let him. Atlanta Photography does not have to pierce the corporate veil, or even allege it, for Atlanta Photography to recover from Marshall personally. Instead, Atlanta Photography alleges in its Complaint specifically that Marshall himself committed copyright infringement and violated the DMCA. Atlanta Photography's assertions of Marshall's personal participation in these infringing activities satisfy the pleading requirements for direct copyright infringement and violations of the DMCA put forth in the First and Second Causes of Action.

Accordingly, the Court should deny Marshall's Motion in its entirety and allow Atlanta Photography's claims of copyright infringement and DMCA violations to proceed against Marshall. Alternatively, should the Court grant all or part of Marshall's Motion, Atlanta Photography requests that it be granted leave to file an Amended Complaint to address any deficiencies.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This Court recently clarified that Rule 8 standards for pleadings do not require a plaintiff to allege sufficient detail to satisfy the heightened requirements of fact pleading, but instead only require notice pleading.  Canon, Inc. v. Color Imaging, Inc. et al., 1:11-cv-3855-RLV, at *2 (N.D.Ga, Feb. 8, 2013).  For notice pleading, all the Federal Rules require is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 167-168, 113 S.Ct. 1160 (1993); see also In re Coca-Cola Enterprises Inc. Securities Litig., 510 F.Supp.2d 1187, 1194 (N.D. Ga., 2007).  Accordingly, the "simplified notice pleading standard" of the Federal Rules of Civil Procedure "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515, 122 S.Ct. 992 (2002).

A court's task in reviewing a motion to dismiss is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007). The Supreme Court recently clarified pleading standards in civil actions, specifying that:

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). While "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement," a court must accept the existing factual allegations of the complaint as true and draw reasonable inferences in favor of the plaintiff when analyzing the plausibility standard. Id. Likewise, the Eleventh Circuit's position is that motions to dismiss should be "viewed with disfavor and rarely granted." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.  ARGUMENT

### A.  Atlanta Photography Does Not Have to Pierce the Corporate Veil for Marshall to Be Individually Liable

Marshall's Motion is based on the unfounded assertion that Atlanta

4

Photography must pierce Defendant Ian Marshall Realty, Inc.'s corporate veil to hold Marshall individually liable for direct copyright infringement and DMCA violations.  However, Marshall relies on state law as to whether O.C.G.A. § 43-40-1, *et seq*., allows a sole shareholder to be held vicariously liable for the acts of an employee of the corporation.  Johnson Realty, Inc. v. Hand, 377 S.E.2d 176, 185 (Ga. App., 1988).  But the First and Second Causes of Action assert Marshall's direct liability under 17 U.S.C. § 101, *et seq*., for copyright infringement and DMCA violations, not vicarious liability.

In fact, "copyright is a strict liability tort; therefore there is no corporate veil and all individuals who participate are jointly and severally liable." Blue Nile, Inc. v. Ideal Diamond Solutions, Inc., No. C10-380Z, at *4 (W.D. Wash., Aug. 3, 2011) (citing Foreverendeavor Music, Inc., v. S.M.B., Inc., 701 F. Supp. 791, 793-4 (W.D. Wash. 1988). "[I]t is well established that a corporate officer will be liable as a joint tortfeasor with the corporation in a copyright infringement case where the officer was the dominant influence in the corporation, and determined the policies which resulted in infringement." Foreverendeavor, 701 F.Supp. at 793-94 (quoting Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629, 633 (D.N.H. 1986)).

Likewise, Georgia law states that personal participation in a tort will allow personal liability to flow to corporate officers, despite the presence of a corporate

shield:

> "a corporate officer who takes part in the commission of a tort committed by the corporation is personally liable therefor." Almond v. McCranie, 283 Ga.App. 887, 889(2), 643 S.E.2d 535 (2007). See Cherry v. Ward, 204 Ga.App. 833, 834(1)(a), 420 S.E.2d 763 (1992). But, as stated, holding a corporate officer or owner personally liable for her own tortious conduct is a distinct and separate claim from piercing the corporate veil. It is only "[w]here the evidence is insufficient to pierce the corporate veil [that] the liability of the corporate officers for a tort committed by the corporation is dependent upon separate evidence of direct participation in the tort." (Punctuation omitted.) Beasley v. A Better Gas Co., 269 Ga.App. 426, 429(2), 604 S.E.2d 202 (2004).

Pazur v. Belcher, 659 S.E.2d 804, 807, 290 Ga.App. 703, 706-07 (Ga. App., 2008).

This is a long-standing exception to the corporate shield rule in Georgia. See, e.g.,

Lincoln Land Co. v. Palfery, 203 S.E.2d 597, 603 (Ga. App., 1973). See also,

Southern Bell Tel. & Tel. Co. v. Assoc. Telephone Directory Publishers, 756 F.2d

801, 811 (11th Cir. 1985) ("An individual, including a corporate officer, . . . who

personally participates in [infringing] activity is personally liable for the

infringement").

Here, Atlanta Photography has alleged that Marshall personally participated

in committing copyright infringement and violating the DMCA. Accordingly,

Plaintiff does not have to pierce the corporate veil for Marshall to be liable for

these acts. Marshall's Motion should be denied.

B.     Plaintiff Has Properly Pled Copyright Infringement Against Marshall

To establish a valid claim of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991).  The Eleventh Circuit expressly has adopted this analysis. See Advanced Tech. Servs., Inc. v. KM Docs, LLC, 1:1-cv-3121-TWT, at *4 (N.D.Ga., April 9, 2013). See also, Melville & David Nimmer, Nimmer On Copyright § 13.01 at 13-5 (explaining that "[r]educed to the most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying by the defendant").

In the present case, Atlanta Photography's Complaint satisfies both elements required for pleading a valid copyright infringement claim against Marshall.  First, Atlanta Photography identifies its ownership of the Photographs:

> [o]n December 23, 2011, the Photographer transferred the copyrights in the Photographs to APLLC, recorded by the U.S. Copyright Office in document V3602 D618 P1-2. Accordingly, APLLC is the copyright owner and proprietor of the right, title, and interest in and to the copyright in the Photographs. 17 U.S.C. § 201.

Complaint at ¶ 23.  Marshall does not dispute that Atlanta Photography owns a valid copyright to the Photographs.  Accordingly, Atlanta Photography properly

pled the first required element of copyright infringement.

Second, Atlanta Photography claims that the "Defendants," defined to include Ian Marshall, individually (Complaint at 1), copied constituent elements of the Photographs that are original:

> In or around August 2010, the Photographer discovered that Defendants had reproduced and were displaying the Alexandria Photograph, the Lenox Photograph, and the Stone Gate Photograph (collectively the "Photographs") on IM Realty's and Jones' website at http://buyandsellatl.com ("IM Realty Website").
> . . .
>
> The Photographs in perspective, orientation, positioning, lighting and other details are entirely original, distinctive, and unique. As such, the Photographs are subject matter protectable under the Copyright Act.
> . . .
>
> Neither the Photographer nor APLLC ever authorized any of the Defendants to reproduce, display, or distribute the Photographs.

Complaint at ¶¶ 13, 19, and 20.  Atlanta Photography also identifies six specific web addresses where the Defendants displayed the Photographs without authorization.  Complaint at ¶ 18.  Finally, Atlanta Photography specifically identifies its exclusive rights infringed by the Defendants, the dates the infringements started, and where Defendants accessed the Photographs. Complaint, First Cause of Action, at ¶¶ 25, 27, and 28.  As this Court must accept these factual allegations of the Complaint as true and draw reasonable inferences in

favor of Atlanta Photography, these assertions satisfy the notice pleading standards of Rule 8.

While Marshall asserts that Plaintiff failed "to provide ***any*** factual support" for its allegations of copyright infringement against him individually (Motion at 6, emphasis in original), Atlanta Photography provides detailed and specific factual assertions notifying Marshall of both Atlanta Photography's copyright infringement claims against him and the grounds for those claims. Accordingly, Marshall's Motion should be denied as to the First Cause of Action.

> C.   <u>Plaintiff has Properly Pled Violations of the Digital Millennium Copyright Act Against Marshall</u>

To prove a claim under section 1202(b) of the DMCA, a plaintiff must show three elements: that the defendant (i) without authority of the copyright owner or the law (ii) intentionally removed or altered any copyright management information (iii) knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement of the federal copyright laws.  <u>Gordon v. Nextel Commc'ns and Mullen Advert.</u>, 345 F.3d 922, 927 (6th Cir. 2003); 17 U.S.C. § 1202(b).

Here, Atlanta Photography satisfies all three elements required for pleading a valid DMCA violation claim against Marshall.  First, Atlanta Photography

defines "Defendants" to include Ian Marshall, individually.  Complaint at 1.

Atlanta Photography then describes the copyright notices placed on each of the

Photographs ("watermarks"), and explains how those watermarks constitute

copyright management information pursuant to 17 U.S.C. § 1202.  Complaint at ¶¶

10-12, 33.  Atlanta Photography next alleges that Marshall intentionally removed

or altered the copyright management information from the Photographs, asserting

that "Defendants cropped the Photographs to remove the copyright notice from

each of the Photographs before displaying them on the IM Realty Website" "in or

around August 2010."  Complaint at ¶¶ 13 and 14.  Atlanta Photography then

explains that Marshall did not have authority to remove the copyright management

information from the Photographs, stating that:

> Neither the Photographer nor Atlanta Photography ever authorized any
> of the Defendants to reproduce, display, or distribute the Photographs
> · · ·
>
> Upon information and belief, the Defendants, without the authority of
> the Photographer, Atlanta Photography, or the law, intentionally
> removed the copyright notices and distributed the Photographs,
> knowing that the copyright notices had been removed or altered,
> knowing or having reasonable grounds to know that such removal or
> alteration would induce, enable, facilitate, or conceal a copyright
> infringement, in violation of 17 U.S.C. § 1202(b).

Complaint at ¶¶ 20 and 34.  Finally, Atlanta Photography alleges that Marshall

removed the copyright management information "knowing or having reasonable

grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b)."  Complaint at ¶¶ 34.  As this Court must also accept these factual allegations of the Complaint as true and draw reasonable inferences in favor of Atlanta Photography, these assertions satisfy the notice pleading standards of Rule 8.

Accordingly, the direct allegations made against the Defendants, including Marshall individually, provide sufficient factual support to give Marshall fair notice of Atlanta Photography's DMCA violation claims and the grounds upon which those claims rest.  Accordingly, Marshall's Motion should be denied as to the Second Cause of Action.

D.     If the Court Grants All or Part of Marshall's Motion, It Should Allow Atlanta Photography Leave to Amend the Complaint

Marshall seeks a dismissal of the First and Second Causes of Action as they apply specifically to Marshall.  However, if the Court grants the Motion, Atlanta Photography should be granted leave to amend its Complaint: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  "In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the

11

movant . . . undue prejudice to the opposing party . . . futility of amendment," amendments to the pleadings pursuant to Federal Rule of Civil Procedure 15(a)(2) are to be "freely given." Id.

Here, Atlanta Photography has not engaged in any undue delay or bad faith and Marshall would not be unduly prejudiced if the Court granted Atlanta Photography leave to amend.  As only one of the Defendants has filed an Answer and discovery has not yet begun, the filing of an Amended Complaint would not be overly burdensome for any of the Defendants. Thus, should the Court conclude that Marshall's Motion should be granted in whole or in part, Atlanta Photography requests leave to amend its Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Atlanta Photography requests that Marshall's Motion be denied in its entirety.  Alternatively, should the Court grant all or part of Marshall's Motion, Atlanta Photography requests that it be given leave to file an Amended Complaint.

This 11th day of September, 2013.

Respectfully submitted,

**LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

s/ Evan A. Andersen

_____
CAROLYN E. WRIGHT
Georgia Bar No. 777718
EVAN A. ANDERSEN
Georgia Bar No. 377422

P.O. Box 250208
Atlanta, GA  30325
775-589-2229 (telephone)
404-496-6606 (telephone)
775-580-7322 (facsimile)
carolyn@photoattorney.com
evan@photoattorney.com

*Counsel for Plaintiff Atlanta Photography, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.B</u>

Counsel for Plaintiff Atlanta Photography LLC hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

This 11th day of September, 2013.

Respectfully submitted,

**LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

s/ Evan A. Andersen
_____
CAROLYN E. WRIGHT
Georgia Bar No. 777718
EVAN A. ANDERSEN
Georgia Bar No. 377422

P.O. Box 250208
Atlanta, GA  30325
775-589-2229 (telephone)
404-496-6606 (telephone)
775-580-7322 (facsimile)
carolyn@photoattorney.com
evan@photoattorney.com

*Counsel for Plaintiff Atlanta Photography, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the undersigned electronically filed PLAINTIFF'S

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT IAN

MARSHALL'S MOTION TO DISMISS THE FIRST AND SECOND CAUSES

OF ACTION OF PLAINTIFF'S COMPLAINT with the Clerk of Court using the

CM/ECF system, which will automatically send email notification of such filing to

the following attorneys of record:

Thomas M. Shepherd, Esq.
SHEPHERD LAW, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, GA 30305
tshepherd@shepherdlaw.net

This 11th day of September, 2013.

Respectfully submitted,

**LAW OFFICE OF
CAROLYN E. WRIGHT, LLC**

s/ Evan A. Andersen
_____
CAROLYN E. WRIGHT
Georgia Bar No. 777718
EVAN A. ANDERSEN
Georgia Bar No. 377422

P.O. Box 250208
Atlanta, GA  30325

15

775-589-2229 (telephone)
404-496-6606 (telephone)
775-580-7322 (facsimile)
carolyn@photoattorney.com
evan@photoattorney.com

*Counsel for Plaintiff Atlanta Photography, LLC*