UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTA PHOTOGRAPHY, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 1:13-cv-02330-AT |
| IAN MARSHALL REALTY, INC., | : | |
| IAN MARSHALL, and ALBERT JONES, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

## DEFENDANT IAN MARSHALL'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT

Despite its contentions to the contrary, Plaintiff has not alleged that Defendant Ian Marshall ("Defendant Marshall") directly participated in activities that constitute copyright infringement or a violation of the Digital Millennium Copyright Act (the "DMCA"). As such, the First and Second Causes of Action of Plaintiff's Complaint must be dismissed against Defendant Marshall.

**I.      Plaintiff's Has Not Alleged that Defendant Marshall Personally Committed Copyright Infringement or Violated the DMCA.**

In its Response to Defendant Ian Marshall's Motion to Dismiss[1] (the "Response"; Doc. 9), Plaintiff contends that it need not pierce Defendant IMR's

---

[1] See Doc. 9: Plaintiff's Memorandum of Law in Opposition to Defendant Ian Marshall's Motion to Dismiss the First and Second Causes of Action of Plaintiff's Complaint.

1

veil to hold Defendant Ian Marshall personally liable. This argument is predicated on the premise that copyright infringement is a "strict liability tort", and an individual is personally liable for his own infringement, notwithstanding the protections of a corporate structure. (Doc. 9, p. 5).

While Defendant Marshall disagrees with this contention, Plaintiff nevertheless fails to sufficiently allege that Defendant Marshall personally and directly infringed upon Plaintiff's copyrights. To the contrary, the Complaint is entirely devoid of any such allegations or factual basis therefor. See Doc. 1. Nor does Plaintiff provide any factual or legal support that Defendant Marshall personally and directly violated the DMCA. Id. Instead, Plaintiff goes to considerable lengths discussing Defendant Jones' (and to much lesser extent, Defendant IMR's) actions, contending that such behavior amounts to copyright infringement and is violative of the DMCA.

Specifically, the entirety of Plaintiff's factual allegations of copyright infringement and DMCA claims are contained in Paragraphs 13 through 19 of the Complaint. Id., ¶¶ 13 – 19. All such factual allegations relate directly to Defendant Jones' website and the photographs allegedly posted thereon. Id. Likewise, in its Response, Plaintiff "identifies six specific web addresses" that allegedly display the photographs in question. Doc. 9, p. 8. Again, all such "web addresses" belong to Defendant Jones, and are the same webpages contained in Paragraph 13 of

Plaintiff's Complaint. See Doc. 9, p. g, Doc. 1, ¶ 13. While there is a passing reference that Plaintiff sent a letter to "Marshall and IM Realty", such correspondence has nothing to do with establishing that Defendant Marshall directly infringed upon Plaintiff's alleged copyrights or violated the DMCA.

Instead – as Plaintiff admits in its Response – the totality of allegations against Defendant Marshall lies solely in the Complaint's introductory definition of "Defendants," which contains a single mention of Defendant Marshall. However, if the Court "draw[s] on its judicial experience and common sense," it becomes plainly obvious that Plaintiff's claims arise out of Defendant Jones' conduct, not Defendant Marshalls'. Canon Inc. v. Color Imaging, Inc., 2013 U.S. Dist. LEXIS 34503, 8 (N.D. Ga. Feb. 8, 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

As to Defendant Marshall, Plaintiff's Complaint "tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. It is not reasonable to infer that merely because an independent contractor of Defendant IMR may have posted Plaintiff's photographs on his site, that Defendant Marshall (an owner of Defendant IMR) directly participated in such postings. Id.

Since Plaintiff has not alleged that Defendant Marshall personally participated in such infringement and DMCA violations, a corporate veil piercing attack is therefore necessary to impute Defendant IMR's actions to Defendant

3

Marshall. Plaintiff has not and cannot do this and the First and Second Causes of Action must therefore be dismissed as to Defendant Marshall.

## II. Plaintiff Advances an Obsolete Standard for a Motion to Dismiss.

Though Plaintiff pays lip service to Twombly, Plaintiff nevertheless relies on an obsolete motion to dismiss standard. Throughout its Response, Plaintiff focuses on a "notice pleading" standard, making no less than seven referenced thereto. In the wake of Iqbal and Twombly, a plaintiff is required to plead factual allegations that allow the court to draw a reasonable inference that the claim is viable. Iqbal at 1950. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith v. U.S., 561 F.3d 1090, 1098 (10th Cir. 2009). Thus, contrary to Plaintiffs' argument, merely presenting legal conclusions or putting Defendant "on notice" of the facts asserted against them is insufficient to survive Defendants' Motion.

Plaintiff's allegations, even when viewed in the most favorable light, show that with respect to two of its four purported claims, Plaintiff is not entitled to relief from Defendant Marshall under any set of facts. Taken together, Plaintiff's claims are nothing more than "shotgun pleadings" containing several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. Ferrell v. Durbin, 311 Fed. Appx. 253, 259 (11th Cir. 2009).

"Shotgun pleadings . . . impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice." Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001).

As such, the First and Second Causes of Action of Plaintiff's Complaint must be dismissed against Defendant Marshall.

### III. Conclusion.

Because Plaintiff attempts simply to lump Defendant Marshall in with the other Defendants – yet provide no factual basis supporting liability against Defendant Marshall – Plaintiff has violated the pleading strictures outlined in Twombly and Iqbal. Twombly, 550 U.S. 544, 570; Iqbal, 556 U.S. 662. Accordingly, the First and Second Causes of Action of Plaintiff's Complaint should be dismissed against Defendant Marshall.

Respectfully submitted this 23rd day of September, 2013.

/Thomas M. Shepherd

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Road
Suite 2450
Atlanta, Georgia 30309
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Carolyn E. Wright, Esq.
>carolyn@photoattorney.com
>Evan Andersen
>evan@photoattorney.com

Respectfully submitted this 23rd day of September, 2013.

**/Thomas M. Shepherd**

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 5.1.B

Counsel for Defendant Marshall hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

Respectfully submitted this 23rd day of September, 2013.

**/Thomas M. Shepherd**

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net