UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA PHOTOGRAPHY, LLC )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>IAN MARSHALL REALTY, INC., )<br>IAN MARSHALL and ALBERT JONES, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br><br>NO. 1:13 CV 02330 - AT |

ANSWER AND AFFIRMATIVE DEFENSES OF ALBERT JONES

Albert Jones (Jones) responds to the allegations of Plaintiff's Complaint as follows:

ANSWER

FIRST DEFENSE

For his First Defense Jones shows that Plaintiff's Complaint fails to state a claim against him upon which the relief sought, or any part thereof may be based.

SECOND DEFENSE

For his Second Defense Jones shows that Plaintiff's claims are barred by the doctrine of laches.

## THIRD DEFENSE

For his Third Defense Jones shows that Plaintiff lacks the standing to bring this Action in this court.

## FOURTH DEFENSE

For his Fourth Defense Jones shows that Plaintiff's claims are barred by the statute of limitations.

## FIFTH DEFENSE

For his Fifth Defense Jones shows that any act which may be deemed to be a violation of Photographer's copyright was inadvertent and was an innocent violation. Accordingly Plaintiff is not entitled to recover any amount from this Defendant.

## SIXTH DEFENSE

For his Sixth Defense Jones responds to the allegations of Plaintiff's Complaint as follows:

1.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 1.

2.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 2.

3.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 3.

4.

Responding to the allegations contained in Paragraph 4, Jones admits that he is an individual who resides in Atlanta, Georgia. The remaining allegations contained in the Paragraph are denied.

5.

The allegations contained in Paragraph 5 are admitted.

6.

The allegations contained in Paragraph 6 are admitted.

7.

The allegations contained in Paragraph 7 are admitted.

8.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 8.

9.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 9.

10.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 10.

11.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 11.

12.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 12.

13.

The allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15 are denied.

16.

Responding to Paragraph 16, Jones admits that in late 2010 he received a letter from, apparently from Mr. Andersen. No further response to Paragraph 16 is required of this Defendant.

17.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 17.

18.

The allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 are denied.

20.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 20.

21.

The allegations contained in Paragraph 21 are denied.

22.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 22.

23.

Jones is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 23.

## FIRST CAUSE OF ACTION

24.

Jones responds to the allegations of Paragraph 24 by reasserting his responses to paragraphs 1 through 23 as though each was fully set forth here.

25.

The allegations contained in Paragraph 25 are denied.

26.

The allegations contained in Paragraph 26 are denied.

27.

The allegations contained in Paragraph 27 are denied.

28.

The allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are denied.

30.

The allegations contained in Paragraph 30 are denied.

31.

The allegations contained in Paragraph 31 are denied.

## SECOND CAUSE OF ACTION

32.

Jones responds to the allegations of Paragraph 32 by reasserting his responses to paragraphs 1 through 23 as though each was fully set forth here.

33.

The allegations contained in Paragraph 33 are denied.

34.

The allegations contained in Paragraph 34 are denied.

35.

The allegations contained in Paragraph 35 are denied.

36.

The allegations contained in Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 are denied.

## THIRD CAUSE OF ACTION

38.

Jones responds to the allegations of Paragraph 38 by reasserting his responses to paragraphs 1 through 23 as though each was fully set forth here.

39.

No response to the allegations contained in Paragraph 39 is required of this Defendant.

40.

No response to the allegations contained in Paragraph 40 is required of this Defendant.

41.

No response to the allegations contained in Paragraph 41 is required of this Defendant.

## FOURTH CAUSE OF ACTION

42.

Jones responds to the allegations of Paragraph 42 by reasserting his responses to paragraphs 1 through 23 as though each was fully set forth here.

43.

No response to the allegations contained in Paragraph 43 is required of this Defendant.

44.

No response to the allegations contained in Paragraph 44 is required of this Defendant.

45.

No response to the allegations contained in Paragraph 45 is required of this Defendant.

46.

The allegations contained in Paragraph 46 are denied.

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, Jones prays that he be discharged and that the costs of this proceeding be cast against Plaintiff.

Respectfully submitted this __8th__ day of October, 2013.

                                                    _S/ Earnest H. DeLong_
                                                    Earnest H. DeLong
                                                    Georgia Bar No. 217300

DeLong, Caldwell, Bridgers
  & Fitzpatrick, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
404/979-3150
woodydelong@dcbflegal.com