IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTA PHOTOGRAPHY, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| IAN MARSHALL REALTY, INC., | : | CIVIL ACTION NO. |
| IAN MARSHALL, ALBERT JONES, | : | 1:13-CV-2330-AT |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Defendant Ian Marshall's Motion to Dismiss the First and Second Causes of Action of Plaintiff's Complaint [Doc. 7]. Plaintiff Atlanta Photography, LLC ("APLLC") filed this action for copyright infringement and violations of the Digital Millennium Copyright Act. (Compl., Doc. 1.) For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss [Doc. 7] and **DIRECTS** Plaintiff to replead Counts 1, 3, and 4 of its Complaint.

### I.   FACTUAL BACKGROUND

This copyright dispute involves the use of three photographs taken by non-party Jennifer Sherrouse (the Alexandria Photograph, Lenox Photograph, and Stone Gate Photograph, collectively "the Photographs"). (Doc. 1 ¶¶ 8, 10-12.) Between 2007 and 2009, Ms. Sherrouse took pictures of various residential properties for use in advertising her real estate business, including the

Photographs at issue. (*Id.* ¶¶ 9-12.) Ms. Sherrouse later published the Photographs on her website with copyright notices superimposed along the bottom of each work. Each copyright notice consisted of a year and Ms. Sherrouse's name; she registered the Photographs with the U.S. Copyright Office.[1] (*Id.* ¶¶ 9-12, 22.)

In August 2010, Ms. Sherrouse discovered the unauthorized reproduction of the Photographs on a website called Buy & Sell ATL ("Website") apparently operated on behalf of Defendant Albert Jones in affiliation with Defendant Marshall Realty. (*Id.* ¶ 13 and at 6-8.) She also found the lower edge of the Photographs cropped and the copyright notices removed. (*Id.* ¶ 14.) Through her attorney, Ms. Sherrouse sent Defendant Albert Jones written notice of the unauthorized use of the Photographs on October 28, 2010 and January 20, 2011 along with a demand that he cease any use of her photographs. (*Id.* ¶ 16.) Ms. Sherrouse sent Defendants Ian Marshall Realty, Inc. ("IMR") and Ian Marshall the same notice on January 20, 2011. (*Id.* ¶ 17.) However, the Photographs continued to appear on the Website through the date of the filing of Plaintiff's lawsuit. (*Id.* ¶ 18.) Plaintiff claims the three Defendants wrongfully reproduced and altered the Photographs. (*Id.* ¶¶ 27-31, 34-35.) Plaintiff additionally alleges Defendants IMR and Jones created the Website and that Marshall is IMR's owner

---

[1] The Alexandria and Lenox photographs were published on September 26, 2009, and the Stone Gate Photograph was published on January 4, 2010. (Doc. 1 ¶¶ 9-12.) The U.S. Copyright Office issued two Certificates of Registration for the copyrights to the Photographs (VA 1-780-878 and VA 1-788-164), both with effective dates of July 23, 2010. (*Id.* ¶ 22.) Plaintiff APLLC acquired all rights to the Photographs in December 2011 after Ms. Sherrouse transferred her interest in the pictures. (Doc. 1 ¶ 23.)

and Qualifying Broker.[2] (*Id.* ¶ 3, 13.) Count 1 of the Complaint alleges copyright infringement against the three Defendants for reproducing the Photographs without authorization. (*Id.* ¶¶ 24-31.) Count 2 further claims Defendants' alteration of the Photographs to intentionally remove the copyright notices was in violation of the Digital Millennium Copyright Act ("DMCA"). (*Id.* ¶¶ 27, 34.)

## II. LEGAL STANDARD

Defendant Marshall seeks to dismiss Counts 1 and 2 of Plaintiff's Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed. 2002); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). A complaint need not have "detailed factual allegations" to survive dismissal, but the obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

---

[2] IMR concedes Marshall's ownership, and Marshall further acknowledges he is IMR's sole shareholder. (Mem. Law Supp. Mot. Dismiss, Doc. 7-1 at 2; Answ. of Def. IMR, Doc. 8 ¶ 3.)

3

## III. DISCUSSION

Defendant Marshall argues that Counts 1 and 2 of the Complaint fail to state a valid claim against him as an individual. (Mot. Dismiss, Doc. 7 at 1-2.) Marshall contends Plaintiff's Complaint lacks the factual support required by *Twombly* to plausibly allege his liability as a direct infringer for the wrongful reproduction and alteration of the Photographs. (Doc. 7-1 at 4, 6.) Additionally, Marshall argues he cannot be personally held liable for claims brought against IMR in its corporate capacity. (Doc. 7-1 at 6.)

### A.   Copyright Infringement

Count 1 is a claim of copyright infringement alleged against the Defendants. To prevail on a claim of copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Montgomery v. Noga*, 168 F.3d 1282, 1288 (11th Cir. 1999) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). A "direct" copyright infringer is traditionally one who actually engages in unlawful copying.[3] *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-930 (2005); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990).

It is well established that a third party may be secondarily liable for the direct infringement of another. "Even though the Copyright Act does not

---

[3] The word "copying" is often used as shorthand for the infringing of any of a copyright owner's rights under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

4

specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) (citing *Grokster*, 545 U.S. at 930-931). Vicarious infringement arises where a party "[profits] from direct infringement while declining to exercise a right to stop or limit it," and contributory infringement is found where a party intentionally induces or encourages another's infringing conduct. *Grokster*, 545 U.S. at 930.

Defendant seeks dismissal of Count 1 against Marshall on the narrow ground that the Complaint does not sufficiently allege Marshall's personal participation in any infringing activity. Defendant's challenge may have been based on Plaintiff's assertion of copyright claims in Counts 3 and 4 that allege contributory infringement and vicarious liability, respectively, against Marshall. Since Plaintiff expressly alleged these secondary liability claims against Marshall, Defendant appears to have inferred that, with respect to Marshall, the allegations in Count 1 were limited to Marshall's direct infringement.

Counts 3 and 4 have produced unnecessary confusion regarding Plaintiff's claims under the Copyright Act. Unlike patent law, which provides a statutory cause of action for inducing infringement and contributory infringement, *see* 35 U.S.C. § 271(b)-(c), the Copyright Act does not explicitly distinguish between direct, vicarious, or contributory liability. 17 U.S.C. § 501. Indeed, the Eleventh Circuit recognizes that there are no strict distinctions between the various

theories of liability. *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) ("'[T]he lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn'" (quoting *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984))).

Given this context, the Court cannot logically dismiss a copyright claim against Marshall only as to his direct infringement. Properly construed, Plaintiff's Complaint alleges a single claim of copyright infringement against all Defendants, with Counts 3 and 4 representing alternative theories of liability against Defendant Marshall. Thus, on Defendant's Motion to Dismiss, the Court must consider whether the Complaint states a valid claim against Defendant Marshall under any theory of copyright liability, not just direct infringement.

Looking at Count 1, Plaintiff has sufficiently alleged Defendant Marshall's vicarious liability under *Twombly*. A party "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Grokster*, 545 U.S. at 930; *see also S. Bell. Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985). The Complaint clearly alleges that Plaintiff held a valid copyright in the Photographs and that the Photographs were copied by Defendants without authorization and displayed on a website owned by IMR. The Complaint also asserts that Defendants used the Photographs to advertise their real estate services. (Doc. 1 at ¶ 15.) Plaintiff alleges that Marshall is the owner of IMR, and Defendant concedes that Marshall is IMR's sole shareholder. And while intent is not an element of vicarious

6

infringement, Plaintiff alleges that Ms. Sherrouse gave IMR and Defendant Marshall written notice of the infringement on October 28, 2010 and January 20, 2011 but that they failed to cease their alleged infringing publication of her photographs.

Plaintiff has adequately alleged that Marshall, as owner of IMR, profited from his website's unauthorized use of the Photographs and failed to curtail this infringement. This is sufficient to support a copyright infringement claim against Marshall as a vicarious infringer. Therefore, Defendant's Motion to Dismiss is **DENIED** for Count 1.

### B.   DMCA Violations

Count 2 of the Complaint alleges that all Defendants intentionally and unlawfully removed the copyright management information ("CMI") of the Photographs, and knowingly distributed the altered Photographs, in violation of 17 U.S.C. § 1202(b). Arguing for dismissal of Count 2 against Marshall, Defendant repeats its previous argument that Plaintiff has not alleged Marshall's direct involvement in any DMCA violations. (Doc. 7-1 at 8.) Defendant also challenges the adequacy of Count 2 under *Twombly*. (*Id.* at 7-8.)

As an initial matter, the Court is satisfied that Count 2 is sufficiently alleged. Section 1202(b) prohibits the unauthorized and intentional removal or alteration of any CMI as well as the distribution of works with knowledge that CMI has been unlawfully removed or altered. CMI is defined broadly and includes "[t]he name of, and other identifying information about, the author of a

7

work." § 1202(c)(2).  While the Eleventh Circuit has not explicitly addressed the CMI issue in the context of photographs, the Third Circuit has expressly concluded that copyright notices on photographs naming the author of the work qualify as CMI.  *See Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 305 (3d Cir. 2011).  The Court finds the reasoning in *Murphy* to be persuasive and consistent with the plain requirements of the DMCA.

The Complaint claims that Ms. Sherrouse initially published the Photographs on the internet with a copyright notice naming herself.  Plaintiff alleges that Defendants cropped the Photographs to omit the copyright notices and used the works to advertise real estate services.  Plaintiff alleges that Defendants acted intentionally and with knowledge of the CMI omissions; Plaintiff claims these allegations are supported by Defendants' inaction in response to Ms. Sherrouse's written notice of infringement.  These allegations are sufficient to state a claim for a § 1202 violation under the DMCA.

Regarding the sufficiency of Count 2 as alleged against Defendant Marshall, the Court is guided by the same secondary liability reasoning used when evaluating Count 1.  The Eleventh Circuit does not appear to have squarely addressed the issue, but at least one other circuit court has concluded that copyright principles of secondary liability apply equally to violations of § 1202.  *Gordon v. Nextel Commc'ns & Mullen Adver., Inc.*, 345 F.3d 922, 925-926 (6th Cir. 2003) (holding that a party may be vicariously liable for others' § 1202 DMCA violations when "(1) a defendant has the right and ability to supervise the

infringing conduct and (2) the defendant has an obvious and direct financial interest in the infringement"). A number of district courts have decided likewise. *See Rosenthal v. MPC Computers, LLC*, 493 F. Supp. 2d 182, 190 (D. Mass. 2007); *Stockart.com, LLC v. Engle*, 2011 WL 10894610 at *10 (D. Colo. Feb. 18, 2011). In short, the Court analyzes vicarious and direct liability under the DMCA in the same manner as it analyzes copyright liability more broadly under governing Eleventh Circuit precedent. Thus, the Court is satisfied that Plaintiff's allegations state a valid claim of vicarious liability against Defendant Marshall for § 1202 violations. Accordingly, Defendant's Motion to Dismiss is **DENIED** for Count 2.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Marshall's Motion to Dismiss [Doc. 7]. For the sake of clarity, the Court further **DIRECTS** Plaintiff to re-plead Counts 1, 3, and 4 of the Complaint to assert a single count of copyright infringement that identifies each theory of liability asserted against each Defendant and that incorporates the relevant numbered preceding factual paragraphs.[4] Plaintiff's amended complaint **SHALL** be filed no later than March 21, 2014.

---

[4] The Court may, *sua sponte*, require a party to file a more definite statement under Fed. R. Civ. P. 12(e). *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 n.13 (11th Cir. 1996).

**IT IS SO ORDERED** this 7th day of March, 2014.

_____
**Amy Totenberg
United States District Judge**

10