## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ATLANTA PHOTOGRAPHY, LLC | |
| Plaintiff, | |
| v. | |
| IAN MARSHALL REALTY, INC., IAN MARSHALL, and ALBERT JONES | CIVIL ACTION NO. 1:13-cv-02330 |
| Defendants. | |

_____

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN
_____

COME NOW Plaintiff Atlanta Photography, LLC, and Defendants Ian Marshall Realty, Inc., Ian Marshall, and Albert Jones, and submit the following preliminary report and discovery schedule, pursuant to Local Rule 16.2 and this Court's Order dated October 16, 2013.

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff brings this action against Defendants Ian Marshall Realty, Inc., Ian Marshall, and Albert Jones (collectively the "Defendants") alleging: (1) copyright

infringement by Defendants; and (2) violations of the Digital Millennium Copyright Act by Defendants.

Defendant Ian Marshall Realty, Inc. ("IM Realty") filed its Affirmative Defenses and Answer to the Complaint on August 30, 2013.  Defendant Jones filed his Affirmative Defenses and Answer to the Complaint on October 8, 2013.  Defendant Marshall filed a Motion to Dismiss, which was denied by this Court on March 7, 2014.

    **(b)  Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

<u>By the Plaintiff:</u>

Non-party Jennifer Sherrouse (the "Photographer") is a real estate salesperson licensed in the State of Georgia since 1994.  In 2007 and 2009, the Photographer took photographs of multiple properties so that she could display them to advertise her business.  On September 26, 2009, the Photographer published one of her photographs of property (the "Alexandria Photograph") on her website at http://www.lenoxcondos.com ("Photo Website").  The Photographer posted her copyright notice of "© 2009 Jennifer Sherrouse" on the Alexandria Photograph.

On September 26, 2009, the Photographer published another of her photographs of property (the "Lenox Photograph") on the Photo Website. The Photographer posted her copyright notice of "© 2009 Jennifer Sherrouse" on the Lenox Photograph. On January 4, 2010, the Photographer published another of her photographs of property (the "Stone Gate Photograph") on the Photo Website. The Photographer posted her copyright notice of "© 2007 Jennifer Sherrouse" on the Stone Gate Photograph.

In or around August 2010, Photographer discovered that Defendants had reproduced and were displaying the Alexandria Photograph, the Lenox Photograph, and the Stone Gate Photograph (collectively the "Photographs") on Defendants' website at http://buyandsellatl.com ("IM Realty Website"). The Defendants cropped the Photographs to remove the copyright notice from each of the Photographs before displaying them on the IM Realty Website. The Defendants used the Photographs to advertise IM Realty's real estate business.

On October 28, 2010, Photographer, through her attorney, sent a letter to Jones giving notice that the reproduction, display, and distribution of the Photographs on the IM Realty Website was unauthorized and asking Jones to cease any use of the Photographs. On January 20, 2011, Photographer, through her attorney, sent a letter to Marshall and IM Realty giving notice that the

3

reproduction, display, and distribution of the Photographs on the IM Realty

Website was unauthorized and asking Marshall and IM Realty to cease any use of

the Photographs

As of the date of the filing of this lawsuit, the Defendants continued to

reproduce, display, and distribute the cropped Photographs at:

- http://buyandsellatl.com/wp-content/uploads/2010/08/roxboro-walk.jpg;

- http://buyandsellatl.com/wp-content/uploads/2010/08/roxboro-walk-150x150.jpg;

- http://buyandsellatl.com/wp-content/uploads/2010/08/stonegate-on-lenox-300x155.jpg;

- http://buyandsellatl.com/wp-content/uploads/2010/08/stonegate-on-lenox-300x155-150x150.jpg;

- http://buyandsellatl.com/wp-content/uploads/2010/07/alexandriacondos-300x1581.jpg; and

- http://buyandsellatl.com/wp-content/uploads/2010/07/alexandriacondos-300x1581-150x150.jpg.

Marshall knew of Jones and IM Realty's possession of specific infringing

material but failed to purge such material.  As owner and Qualifying Real Estate

4

Broker of IM Realty, Marshall had both the legal right and the ability to stop Jones and IM Realty's direct infringement of the Photographs.  As owner and Qualifying Real Estate Broker of IM Realty, Marshall gained a direct financial benefit from Jones' and IM Realty's direct infringement of the Photographs.

The Defendants had access to the Photographs through the Photo Website. Neither the Photographer nor APLLC ever authorized any of the Defendants to reproduce, display, or distribute the Photographs.

The Photographer complied with all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing copyrights and secured the exclusive rights and privileges in and to the copyrights for the Photographs.  The Register of Copyrights for the U.S. Copyright Office issued to the Photographer two Certificates of Registration for the copyrights to the Photographs, numbers VA 1-780-878, effective July 23, 2010, and VA 1-788-164, effective July 23, 2010.

On December 23, 2011, the Photographer transferred in writing the copyrights in the Photographs to APLLC, recorded by the U.S. Copyright Office in document V3602 D618 P1-2.  Accordingly, APLLC is the copyright owner and proprietor of the right, title, and interest in and to the copyright in the Photographs.  17 U.S.C. § 201.

<u>By Defendant Marshall and Defendant IM Realty:</u>

Jennifer Sherrouse is licensed as a real estate agent in the State of Georgia. Jennifer Sherrouse takes photographs of various condominiums, waits for other real estate agents to use the photographs, and then directly or indirectly sues such real estate agents for a profit. Sherrouse has become notorious for such antics in the Atlanta real estate industry; she has sued or threatened suit for copyright infringement against numerous other real estate agents and brokers in the Atlanta area.

Ian Marshall Realty, Inc. ("Defendant IMR") is a Georgia corporation that formerly engaged Albert Jones ("Defendant Jones"), a licensed, Georgia real estate agent, as an independent contractor. Ian Marshall ("Defendant Marshall"), however, was merely the owner and sole shareholder of Defendant IMR.

Plaintiff contends that Jennifer Sherrouse took various photographs of real estate and published them on her website. Plaintiff further contends that Jennifer Sherrouse later discovered that her photographs had been allegedly published by Defendant Jones' website known as "Buy & Sell ATL." Jennifer Sherrouse then allegedly sold the copyrighted photographs to Plaintiff, who in turned sued Defendant Jones, Defendant IMR and Defendant Marshall.  Before Plaintiff filed

suit, however, Defendant Jones took down all known photographs from his website(s).

Plaintiff has suffered no actual damages from the alleged actions of Defendant Jones. To show damages, Plaintiff must prove a prospective home buyer, as the direct and proximate result of viewing Jennifer Sherrouse's photographs on Defendant Jones' website, purchased a home shown in the photographs from Defendant Jones rather than from Plaintiff. Because Plaintiff is not a licensed real estate agent, actual damages are a legal impossibility. Indeed, Plaintiff makes no claim for actual damages.

Plaintiff therefore relies on the statutory damages provisions of the Copyright Act of 1976 and Digital Millennium Copyright Act, contending that Defendants Marshall and IMR are either vicariously or contributorily liable for Jones' behavior. Contrary to Plaintiff's contentions, however, neither Defendant Ian Marshall nor Defendant IMR are liable for the alleged actions of Defendant Jones.

Most importantly, neither Defendant Ian Marshall nor Defendant IMR reproduced or displayed any of Jennifer Sherrouse's or Plaintiff's photographs. Neither Defendant Marshall nor Defendant IMR cropped nor removed any copyright notice from any of Jennifer Sherrouse's or Plaintiff's photographs. Neither Defendant Marshall nor Defendant IMR induced nor encouraged Defendant Jones

to engage in any infringing activity. Finally, neither Defendant Marshall nor Defendant IMR used any of Jennifer Sherrouse's or Plaintiff's photographs to advertise real estate. As such, Plaintiff has no claims against either Defendant Marshall or Defendant IMR for copyright infringement or violation of the Digital Millennium Copyright Act.

Additionally, because Defendant Jones was an independent contractor, neither Defendant Marshall nor Defendant IMR had the legal right to direct or control the actions of Defendant Jones. In fact, neither Defendant Marshall nor Defendant IMR actually controlled the actions of Defendant Jones. To the contrary, Defendant Jones was in control of his own actions and rebuffed any attempts by Defendant Marshall or Defendant IMR to influence his behavior. Moreover, Defendant Jones maintained continuous and exclusive control of all websites that contained allegedly infringing photographs. Consequently, Defendant Jones' actions may not be imputed to Defendant Marshall or Defendant IMR.

Nor did Defendant Marshall or Defendant IMR personally profit from Defendant Jones' alleged infringement. Thus, Plaintiff's theory of vicarious liability must fail.

Furthermore, neither Defendant Marshall nor Defendant IMR participated in any of Defendant Jones' actions, and Plaintiff therefore has no basis for contributory

8

infringement or DMCA violation. Nor does Plaintiff have any other basis to pierce the corporate veil of Defendant IMR or impute liability to Defendant Marshall personally.

Finally, to the extent any liability for infringement or DMCA violation may imputed to Defendant Marshall or Defendant IMR, such infringement was "innocent", and Defendants Marshall and IMR are entitled to a statutory reduction to $200.00 per incident.

<u>By Defendant Jones:</u>

Mr. Jones did not knowingly or intentionally use Ms. Sherrouse's photographs.  He did not crop any photographs to remove a copyright notice.  Mr. Jones stopped using the photographs identified in the referenced October 28, 2010 letter upon receipt of the letter.  Any act which may be deemed to be a violation of Photographer's copyright was inadvertent and innocent.  Mr. Jones did not derive an economic benefit from any use of the photographs.

**(c) The legal issues to be tried are as follows:**

<u>By the Plaintiff:</u>

(1)     Whether Defendants reproduced, distributed, displayed, and/or created derivative works of Plaintiff's Photographs without authorization;

(2)     Whether Defendants realized and continue to realize profits and other benefits rightfully belonging to Plaintiff for the Photographs;

(3)     Whether the conduct by Defendants was willful and performed with knowledge;

(4)      Whether Defendant Ian Marshall, without the authority of Plaintiff or the law, infringed contributorily by intentionally inducing and/or encouraging direct infringement by other parties;

(5)     Whether Defendant Ian Marshall is vicariously liable for the copyright infringements of Defendant Jones or Defendant IM Realty;

(6)     Whether Defendants intentionally removed or altered any copyright management information, distributed copyright management information knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, or distributed copies of works knowing that copyright management information had been removed or altered without authority of the copyright owner or the law; and

(7)     Whether Defendants knew or had reasonable grounds to know that removal of copyright management information would induce, enable, facilitate, or conceal a copyright infringement.

<u>By Defendant Marshall and Defendant IM Realty:</u>

(1)     Whether Defendant Marshall and Defendant IMR are immune from liability because they did not intentionally remove or alter any copyright management information, did not distribute any copyright management information law, and did not distribute copies of works with missing or altered copyright management information.

(2)     Whether Defendant Marshall's and Defendant IMR's noninvolvement in Defendant Jones' allegedly infringing activity defeats Plaintiff's claims for contributory infringement;

(3)     Whether Defendant Marshall's and Defendant IMR's noninvolvement in Defendant Jones' allegedly infringing activity defeats Plaintiff's claims for vicarious infringement;

(4)     Whether Plaintiff has any basis to pierce the corporate veil of Defendant IMR and impute liability to Defendant Marshall personally;

(5)     Whether the failure of Defendant Marshall and/or Defendant IMR to receive any financial or other benefit from Defendant Jones' allegedly infringing activity defeats Plaintiff's claims;

(6)     Whether Plaintiff's failure to comply with Digital Millennium Copyright Act defeats Plaintiff's claims; and

11

(7)     Whether Defendant Marshall and Defendant IMR are immune from liability because they did not induce or encourage any third party to engage in infringing activities.

<u>By Defendant Jones:</u>

Mr. Jones agrees with the issues identified by Plaintiff.

**(d)  The cases listed below (include both style and action number) are:**

(1)   Pending Related Cases

None.

(2)   Previously Adjudicated Related Cases

None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1)    Unusually large number of parties
    \_\_\_\_\_ (2)    Unusually large number of claims or defenses
    \_\_\_\_\_ (3)    Factual issues are exceptionally complex
    \_\_\_\_\_ (4)    Greater than normal volume of evidence
    \_\_\_\_\_ (5)    Extended discovery period is needed
    \_\_\_\_\_ (6)    Problems locating or preserving evidence
    \_\_\_\_\_ (7)    Pending parallel investigations or action by government
    \_\_\_\_\_ (8)    Multiple use of experts
    \_\_\_\_\_ (9)    Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)  Existence of highly technical issues and proof
    \_\_\_\_\_ (11)  Unusually complex discovery of electronically stored information

The parties do not contend that this case is complex.

**3.   Counsel:**

The following individually-named attorneys are hereby designated as

lead counsel for the parties:

Plaintiff:
> Carolyn E. Wright, Esq.
> Evan A. Andersen, Esq.
> LAW OFFICE OF CAROLYN E. WRIGHT, LLC

Defendants IM Realty and Marshall:
> Tom Shepherd, Esq.
> Seth N. Katz, Esq.
> SHEPHERD LAW, LLC

Defendant Jones:
> Earnest DeLong, Esq.
> DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC

**4.   Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes          __X__ No

If "yes" please attach a statement, not to exceed one page, explaining the

jurisdictional objection.   When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based.   Each objection should be

supported by authority.

**5.     Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

None.

(b)  The following persons are improperly joined as parties:

None.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

14

The Court instructed Plaintiff to file an Amended Complaint in its March 7, 2014 Order, and Plaintiff filed its Amended Complaint on March 21, 2014.  No additional amendments to the pleadings are expected at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties have or will concurrently with the filing of this report file their initial disclosures.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

None at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Discovery is necessary on all of the claims and defenses raised in the suit, both directly and indirectly, and on the damages Plaintiff asserts.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The discovery period commences on March 28, 2014, when the Joint Report and Initial Disclosures are due.  Counsel for the parties agree that a six-month discovery period is appropriate ending on September 29, 2014 due to the complexity of the issues and the trial schedules of the attorneys.

**11.    Discovery Limitations:**

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None at this time.

(b)     Is any party seeking discovery of electronically stored information?

_____X_____        Yes             _____        No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Plaintiff foresees the need to seek production of electronically stored information maintained by each of the Defendants relating to the claims asserted by Plaintiff in its Amended Complaint.  However, as the parties do not foresee that this matter will require a voluminous amount of electronic discovery, the parties did not identify a need to limit the scope of this production at this time beyond those limits described and provided in the Federal Rules of Civil Procedure.

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF

18

files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties do not foresee that this matter will require a voluminous amount of electronic discovery, but agree to produce smaller batches of e-mails and any other digital evidence electronically in .pdf format when possible.  Where large amounts (over fifty pages) of digital documents, such as e-mail and other relevant documents are produced, the parties agree to deliver the files in their native format via CD or DVD so as to make production and delivery efficient while also maintaining the original state of the files.  The parties agree that all efforts to record and maintain metadata in any such electronic files will be made by the parties.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

### 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below

that they conducted a Rule 26(f) conference that was held on March 21, 2014, and

that they participated in settlement discussions.  Other persons who participated in

the settlement discussions are listed according to party.

For Plaintiff:

Lead counsel:    /s/ Evan A. Andersen
                         Evan A. Andersen

For Defendants IM Realty and Marshall:

Lead counsel:    /s/ Seth N. Katz
                         Seth N. Katz

For Defendant Jones:

Lead counsel:    /s/ Earnest DeLong
                         Earnest DeLong

(b)  All parties were promptly informed of all offers of settlement and

following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(___X___) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge
             is needed.
(_____) No possibility of settlement.

(c)    Counsel (___X___) do or (_____) do not intend to hold additional

settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.

(d)     The following specific problems have created a hindrance to settlement of this case:

The settlement discussions between the parties have not been productive.

**14.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having the case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20__.

(b)  The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 28th day of March, 2014.

By:  /s/ Evan A. Andersen
Carolyn E. Wright
Georgia Bar No. 777718
Evan A. Andersen
Georgia Bar No. 377422
LAW OFFICE OF CAROLYN E. WRIGHT, LLC
P.O. Box 250208
Atlanta, Georgia  30325
Telephone:  (404) 496-6606
Facsimile:   (775) 588-5961
carolyn@photoattorney.com
evan@photoattorney.com

*Counsel for Plaintiff Atlanta Photography, LLC*


By:  /s/ Tom Shepherd
Tom Shepherd
Georgia Bar No. 197306
SHEPHERD LAW, LLC
1180 West Peachtree Street, NW
Suite 2450
Atlanta, Georgia 30309
Telephone:  (404) 492-8871
Facsimile:   (404) 287-2739
tshepherd@shepherdlaw.net

*Counsel for Defendants Ian Marshall and Ian Marshall Realty, Inc.*


By:  /s/ Earnest DeLong
Earnest DeLong
Georgia Bar No. 217300

22

DELONG, CALDWELL, BRIDGERS &
FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
Telephone:   (404) 979-3155
Facsimile:    (404) 979-3155
woodydelong@dcbflegal.com

*Counsel for Defendant Albert Jones*

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2014.

_____

UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.B</u>

Counsel for Plaintiff Atlanta Photography, LLC hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

This 28th day of March, 2014.

                             Respectfully submitted,

                             **LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

                             /s/ Evan A. Andersen
                             EVAN A. ANDERSEN
                             Georgia Bar No. 377422
                             CAROLYN E. WRIGHT
                             Georgia Bar No. 777718

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-588-5961 (facsimile)
evan@photoattorney.com
carolyn@photoattorney.com

*Counsel for Plaintiff Atlanta Photography, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the undersigned electronically filed JOINT

PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court

using the CM/ECF system, which will automatically send email notification of

such filing to the following attorneys of record:

Tom Shepherd
SHEPHERD LAW, LLC
1180 West Peachtree Street, NW
Suite 2450
Atlanta, Georgia 30309
tshepherd@shepherdlaw.net

Earnest DeLong
DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
woodydelong@dcbflegal.com

This 28th day of March, 2014.

Respectfully submitted,

**LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

/s/ Evan A. Andersen
EVAN A. ANDERSEN
Georgia Bar No. 377422
CAROLYN E. WRIGHT
Georgia Bar No. 777718

26

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-588-5961 (facsimile)
evan@photoattorney.com
carolyn@photoattorney.com

*Counsel for Plaintiff Atlanta Photography, LLC*