UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTA PHOTOGRAPHY, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 1:13-cv-02330-AT |
| IAN MARSHALL REALTY, INC., | : | |
| IAN MARSHALL, and ALBERT JONES, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

### DEFENDANT IAN MARSHALL'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

COMES NOW Defendant IAN MARSHALL ("Defendant" or "Marshall") through his attorneys of record and files this, its Answer and Affirmative Defenses to Plaintiff ATLANTA PHOTOGRAPHY, LLC's ("Plaintiff") First Amended Complaint, stating as follows:

### ANSWER

1. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint and therefore denies the allegation contained in Paragraph 1 of the First Amended Complaint.

2. Defendant Marshall admits the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

1

3. Defendant Marshall admits the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant Marshall admits that Defendant Albert Jones ("Defendant Jones") is a real estate agent and resident of Atlanta, Georgia, but denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant Marshall admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant Marshall admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant Marshall admits the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 8 of the First Amended Complaint.

9. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 9 of the First Amended Complaint.

10. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 10 of the First Amended Complaint.

11. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 12 of the First Amended Complaint.

13. Defendant Marshall denies the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Defendant Marshall denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant Marshall denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 16 of Plaintiff's First Amended

Complaint and therefore denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendant Marshall denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant Marshall denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant Marshall denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant Marshall denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint, as the allegations are legal conclusions.

21. Defendant Marshall denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint, as the allegations are legal conclusions.

22. Defendant Marshall denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint, as the allegations are legal conclusions.

23. Defendant Marshall denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. Defendant Marshall denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint as they are mere legal conclusions.

26. Defendant Marshall is without information sufficient to admit or to deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Defendant Marshall denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint as he is without knowledge as to the truthfulness of the allegations and the allegations contain legal conclusions.

## **FIRST CAUSE OF ACTION**

28. Defendant Marshall re-incorporates by references its responses to Paragraphs 1 through 27 above.

29. Defendant Marshall denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant Marshall denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant Marshall denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant Marshall denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. The allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant Marshall denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

## SECOND CAUSE OF ACTION

34. Defendant Marshall incorporates by reference all prior responses herein.

35. The allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint state a legal conclusion and as a result are denied.

36. Defendant Marshall denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. The allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint state a legal conclusion, and, therefore, no response is required. However, to the extent a response is required, Defendant Marshall denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant Marshall denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. The allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint state a legal conclusion, and, therefore, no response is

required. However, to the extent a response is required, Defendant Marshall denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint fails to state a claim against Defendant Marshall upon which relief may be granted.

### SECOND DEFENSE

Defendant Marshall pleads the defense of estoppel.

### THIRD DEFENSE

Plaintiff is not entitled to recover any alleged damages from Defendant Marshall because they are excessive, unreasonable, and do not reflect the amount that would have been owed to Plaintiff under Plaintiff's alleged claim.

### FOURTH DEFENSE

Defendant Marshall is not liable to Plaintiff because Plaintiff has unduly and unreasonably delayed in bringing its claim, and Defendant Marshall has been prejudiced by Plaintiff's unreasonable delay.  Defendant Marshall therefore pleads the defense of laches.

### FIFTH DEFENSE

Defendant Marshall is not liable to Plaintiff because Plaintiff has waived and relinquished the rights alleged in the First Amended Complaint, with full

knowledge of and with the intention to waive and relinquish such rights. Defendant Marhsall therefore pleads the defense of waiver.

### SIXTH DEFENSE

Plaintiff is not entitled to relief because Plaintiff failed to mitigate its damages, if any.

### SEVENTH DEFENSE

Plaintiff's Complaint against Defendant Marshall should be dismissed because Plaintiff breached the covenant of good faith and fair dealing.

### EIGHTH DEFENSE

Defendant Marshall asserts all affirmative defenses under O.C.G.A. § 9-11-8 as may be proven by the evidence.

### NINTH DEFENSE

No act or omission of these Defendant Marshall either proximately caused or contributed to whatever damage the Plaintiff may have sustained and on account thereof, Plaintiff is not entitled to recover any sum of these Defendant Marshall.

### TENTH DEFENSE

Plaintiff is precluded from recovery in this case by its own actions or inactions.

### ELEVENTH DEFENSE

Defendant Marshall reserves the right to amend its Answer and Affirmative Defenses due to the fraud or concealment of Plaintiff and others acting in concert with the same.

## TWELVTH DEFENSE

Plaintiff's claims are barred by its unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages were caused, in whole or in part, by its own actions or omissions, or by the actions or omissions of parties beyond Defendant Marshall's control.

## FOURTEENTH DEFENSE

Plaintiff is not the real party-in-interest, therefore the instant action must be dismissed.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's damages are speculative or non-existent.

## SIXTEENTH DEFENSE

Imposition of attorney's fees against Defendant Marshall would violate Defendant Marshall's due process rights, its guarantee of equal protection, the prohibition against excessive fines, and other applicable provisions of the Constitutions of the United State of America and the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's fraud, both actual and constructive.

## EIGHTEENTH DEFENSE

Defendant Marshall gives notice that they intend to rely upon and invoke any other defense that may become available or appear during the proceedings in this case and reserve its rights to amend this Answer to include any such defense.

Respectfully submitted this 4th day of April, 2014.

/**Thomas M. Shepherd**

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Road
Suite 2450
Atlanta, Georgia 30309
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2014, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Carolyn E. Wright, Esq.
>carolyn@photoattorney.com
>Evan Andersen, Esq.
>evan@photoattorney.com
>The Law Office of Carolyn E. Wright, LLC
>P.O. Box 250208
>Atlanta, GA 30325
>
>Earnest H. Delong, Jr., Esq.
>DeLong, Caldwell, Bridgers & Fitzpatrick, LLC
>101 Marietta St., Ste. 3100, Centennial Tower
>Atlanta, GA 30303
>woodydelong@dcnblaw.com

>/Thomas M. Shepherd
>
>Thomas M. Shepherd, Esq.
>Ga. Bar No.: 197306
>
>Shepherd Law, LLC
>1180 West Peachtree Street
>Suite 2450
>Atlanta, Georgia 30305
>Telephone: (404) 492-8871
>Facsimile: (404) 287-2739
>Email: tshepherd@shepherdlaw.net

<u>**CERTIFICATE OF COMPLIANCE**</u>
<u>**WITH LOCAL RULE 5.1.B**</u>

Counsel for Defendant IMR hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

Respectfully submitted this 4th day of April, 2014.

<u>**/Thomas M. Shepherd**</u>

Thomas M. Shepherd, Esq.
Ga. Bar No.: 197306

Shepherd Law, LLC
1180 West Peachtree Street
Suite 2450
Atlanta, Georgia 30305
Telephone: (404) 492-8871
Facsimile: (404) 287-2739
Email: tshepherd@shepherdlaw.net